GARY M. RESTIANO
United States Attorney
District of Arizona
SHEILA PHILLIPS
Assistant U.S. Attorney
Michigan State Bar No. P51656
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Sheila.Phillips2@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff,<br>v.<br>Mariana Magdaleno Torres,<br>Defendant. | CR-23-00818-PHX-DGC-2<br><br>**UNITED STATES' RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESIGATION REPORT** |

The United States respectfully requests the Court deny Defendant's objections to the Presentence Investigation Report (PSR) (Doc. 56), including her request for mitigating role adjustment under United States Sentencing Guidelines (USSG) Section 3B1.2.

## I. BACKGROUND ON DEFENDANT'S INVOLVEMENT WITH FIREARMS TRAFFICKING

Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) agents' investigation of codefendant Nicolas Carrillo, Defendant's live-together partner, spanned several months. It began after a confidential informant notified agents of his firearms trafficking activity. PSR ¶ 6. ATF subsequently discovered Carrillo had acquired and sold at least 78 firearms without a license between January 13, 2021, until April 14, 2022, making a significant profit. PSR ¶ 19. At least 62 of those firearms were semiautomatic, high-capacity rifles, which are highly desired by

members of Mexican drug cartels. *Id*. This number, however, does not include any private purchases of firearms, which remained outside of ATF's ability to track. PSR ¶ 20.

After executing a search warrant on Carrillo's and Defendant's residence, agents seized Defendant's cell phone. *See* PSR ¶¶ 15-16. Agents found several text messages between Defendant and Carrillo as well as pictures that evidence her knowledge and participation in Carrillo's firearm trafficking activities, including the following:

1) Text messages that indicated Defendant may have assisted Carrillo in brokering at least some private purchases of firearms. PSR ¶17;
2) Text messages between the couple regarding Carrillo's firearm trafficking into Mexico. *See* PSR ¶¶ 17-19;
3) Text messages between the couple regarding the money Carrillo made from the illegal sale of firearms. *See* PSR ¶¶ 16-18;
4) Multiple pictures on her cell phone that demonstrated her knowledge, include pictures of firearms and a picture of both Carrillo and her with lots of cash. *See* PSR ¶ 16; and
5) A picture of Defendant and Carrillo together with Carrillo holding a bag of a crystalline substance while Defendant extended her middle finger. *See Id*.

ATF's financial investigation found that Defendant monetarily benefitted from Carrillo's illegal activities. Specifically, Carrillo and others transferred over $30,000 in deposits into her bank account between December 2021 and March 2023. *See* PSR ¶¶ 10-11 and 22. She also made several ATM withdrawals immediately after these deposits, which is indicative of Defendant's participation in laundering Carrillo's illegal proceeds. *See* PSR ¶ 11.

Further, Defendant aided and abetted Carrillo by purchasing a semi-automatic rifle for him, paying $4,3295 in cash, and lying on the ATF Form 4473. ¶ 2. Defendant has pleaded guilty to lying on ATF Form 4473. *Id* and PSR ¶ 14. Based on text messages and pictures mentioned above, Defendant had reason to know the firearm was likely destined for Mexico. *See* PSR ¶¶ 18 and 19.

## II. SENTENCING GUIDELINES

As indicated in the United States Sentencing Memorandum (Doc. 58), the PSR accurately calculates Defendant's guidelines range at 6 to 12 months' incarceration with a Criminal History Category of I, and a Total Offense Level of 10. PSR at 17.

In lieu of incarceration the Probation Officer recommends that the Court impose three years of probation and a $4,000 fine. *Id*. The United States agrees with that recommendation.

Defendant filed objections to the PSR and the final sentencing calculations, indicating that the Court should afford her a minor role adjustment under United States Sentencing USSG §3B1.2 (see Doc. 56). The United States has charged and extended a plea agreement that appropriately encompasses her role (lying on the form) in this overall case (firearms trafficking) and a minor or minimal role adjustment would be inappropriate.

The United States agrees with the Probation Officer's assessment that she is an average participant for the reasons mentioned below.

### A. GUIDELINES FOR MITIGATING ROLE ADJUSTMENTS

United States Sentencing Guideline (USSG) Section 3B1.2 decreases a defendant's base offense level if he or she served as only a minor or minimal participant in the criminal activity:

(a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

(b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

Defendant maintains she was no more than a minor participant and requests at least a 2-level reduction. *See* Doc 56.

In making this determination, the Court should consider the five factors set forth in U.S. Sentencing Guidelines Manual § 3B1.2, cmt., application n.3(C). These five factors in the application note are as follows:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

These factors aren't exhaustive—a judge may consider other factors weighing for or against granting or denying a role reduction. But all the U.S. Sentencing Guidelines Manual § 3B1.2(b) factors should be considered in making the determination. The ultimate question whether to grant or deny minor role is: In light of all the circumstances, has the defendant proved more likely than not that he or she was substantially less culpable than other average participants in the criminal activity under the totality of the circumstances.

The Ninth Circuit held that district courts must consider the factors enumerated in the guideline and "compare the defendant's involvement to that of all likely participants in the criminal scheme for whom there is sufficient evidence of their existence and participation." United States v. Diaz, 884 F.3d 911, 916 (9th Cir. 2018) ("Going forward, the assessment of a defendant's eligibility for a minor-role adjustment must include consideration of the factors identified by the Amendment, not merely the benchmarks established by our caselaw . . . . "); see also United States v. Rodriguez, 44 F.4th 1229, 1234 (9th Cir. 2022) ("We recently clarified that the mitigating-role commentary's reference to the 'average participant' refers to 'the mathematical average,' and that to calculate that average ' "all likely participants in the criminal scheme" must be included'". However, the commentary clarifies under § 3B1.2, cmt., application n.3(B) if a defendant has received a lower offense level by virtue of being convicted of an offense significantly

less serious than warranted by his or her actual criminal conduct, a reduction for a mitigating role is ordinarily not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.

Defendant bears the burden of proof by a preponderance of the evidence on whether the Minor role adjustment applies. The adjustment is available to defendants who play "a part in committing the offense that makes him substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment. (n.3(A)). This necessarily means that there must be other participants. U.S.S.G. § 3B1.2, comment. (n.2).

Application Note 3(B) to §3B1.2 provides that a defendant ordinarily should not receive a mitigating role adjustment if he or she benefitted from a reduced offense level by virtue of having been convicted of an offense that was “significantly less serious than warranted by his actual criminal conduct.” Courts also have declined to grant an adjustment in cases in which the defendant’s base offense level “does not reflect the conduct of the larger conspiracy,” regardless of the offense of conviction.

The United States is unaware of any Ninth Circuit case law regarding the application of a mitigating adjustment in cases involving defendants only charged with making a straw purchase, but at least one other circuit has addressed the application of a mitigating role in that context. The Third Circuit held that a defendant who made false statements to federally licensed firearms dealer in the purchase of firearms for the leader of the conspiracy did not merit the mitigating role adjustment under § 3B1.2, where she recruited another straw purchaser, was essential to acquisition of firearms and knew that coconspirator planned to remove guns’ serial numbers, making them untraceable, and have her report them as stolen. *United States v. Brown*, 250 F.3d 811, 2001 (3d Cir. 2001).

B. <u>MITIGATING REDUCTIONS ARE UNWARRANTED</u>

Defendant was only charged with two counts (49 and 50) of violation of 18 U.S.C. § 922(a)(6) and 924(a)(2), Material False Statements in the Purchase of a Firearm. She pleaded guilty to Count 50, in which she lied on ATF Form 4473 during the purchase of a semi-automatic rifle she purchased for Carrillo. She denies purchasing the Glock pistol in

Count 49 for Carrillo. Defendant is not charged with aiding and abetting Carrillo's firearms trafficking business or any related conspiracy. As such, her total offense level is not impacted by Carrillo's 78 plus firearm purchases and sales, neither is she subject to any other possible enhancements relevant to his conduct, including his suspected firearms trafficking to Mexico. Therefore, her final guideline range is substantially and rightfully lower than Carrillo's. He is clearly more culpable as he committed multiple crimes and his actions warrant imprisonment. However, Defendant was not charged with those crimes.

Therefore, the Court should focus on Defendant's role in the crime(s) she was charged with and pleaded guilty to, which is lying on the ATF Form 4473 to purchasing a firearm. Under this lens, she is clearly not a minor participant. Instead, she is arguably the <u>most</u> culpable person as she: 1) Purchased the firearm with cash supplied by Carrillo; 2) Fraudulently filed out the ATF Form 4473 under penalty of law; 3) Took possession of the semi-automatic rifle; and 4) Delivered the firearm to Carrillo. She also decided to take these steps with the knowledge Carrillo was engaged in illegal firearms trafficking. As Carrillo's live-together partner who had knowledge of his business practices as evidenced by her text messages, she illegally purchased the semi-automatic rifle with the knowledge it would be resold at a substantial profit and that she would likely benefit financially from her illegal purchase.

Even using the broader context of her participation in Carrillo's business of dealing firearms without a license, which he pleaded guilty to, Defendant still fails to establish grounds for a mitigating departure. Under the five criteria in § 3B1.2, cmt., application n.3(C), set forth above, none of the factors weigh in her favor. Defendant not only understood the nature of Carrillo's illegal firearms business, but she assisted him at times by brokering some of his illegal firearm's sales and likely helped him launder some of the illegal proceeds. *See* PSR ¶¶ 16-18 and 22. Moreover as a couple, Defendant and Carrillo seemingly shared their money to build their life together and bank records evidence that he deposited illegal proceeds into Defendant's bank account -- as such, there is ample evidence that she knowingly benefited from the illegal sale of more than 78 firearms. *See*

PSR ¶¶ 10-11, 16-18 and 22. All of these factors weigh against a mitigating downward adjustment. .

III. CONCLUSION

Therefore, the United States respectfully requests the Court deny Defendant's request for a minor or minimal role downward adjustment. Nonetheless, as supported in the United States' Sentencing Memorandum (Doc. 58), the government believes a probationary sentence is still appropriate in this case.

Respectfully submitted this 30th day of April 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Sheila Phillips*
SHEILA PHILLIPS
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant(s):

Joseph Douglas Tobler
*Attorney for Defendant*

*Carlton Covington*
U.S. Attorney's Office